UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

    ESTATE OF ELEFTHERIOS LIMBERIOU,   :   CHAPTER 11

                                                               :

    DEBTOR                                    :   CASE NO. 19-15533

## BRIEF IN SUPPORT OF DEBTOR'S FILING OF CHAPTER 11

### STATEMENT OF THE FACTS

The Debtor is the Estate of Eletherios Limberiou.

The Debtor has two primary assets; namely, (1) real state located at 2009 Bernville Road, Reading PA 19601 which was generally known as the Riveredge Restaurant complex consisting of multiple buildings on an approximate 10 acre tract.

The Riveredge formally operated as the Riveredge Restaurant and the Silo complex, and in addition the Riveredge has a motel attached which is affiliated with a national motel chain.

The Riveredge placed its liquor license in "safe keeping", and in 2015 attempted to activate it. The activation was opposed by the Berks County District Attorney because of the alleged criminal activity at a related restaurant on the facility, and it was denied. Therefore, it operates as a BYOB banquet hall and the attached motel continues to operate with its chain affiliation.

There is revenue from the operation of the banquet hall; however, as a result of a lease agreement with the motel, which is in dispute between the Riveredge and the motel operator, rent has not been paid for approximately 4 years.

The Riveredge believes that the fair rental value for the real estate is approximately $13,000.00 a month; and it further believes that if it were to receive that rent and to return the liquor license, which is currently in "safe keeping" to the operation of the restaurant, that it could become a very profitable business again.

## **WHY DID THE DEBTOR FILE THE INSTANT ACTION?**

Currently, two individuals own the real estate which has been described above who could have made the decision to file the instant bankruptcy; it was debated as to which entity should file the bankruptcy. Namely, George Limberiou, who is one of the owners of the Riveredge complex, or the Estate of Eleftherios Limberiou.

It was decided to file the bankruptcy by the Estate of Eleftherios Limberiou, because the executrix of the estate is a more experienced administrator and could comply with the requirements of the US Trustee, make the necessary reports, and overall conduct the operation of the business to a successful conclusion, as a result of which the Debtor would have a constant stream of income and could successfully reorganize in bankruptcy.

However, if for some reason this Court were to conclude that the debtor was not a proper party to file the instant bankruptcy action, which the debtor urges it not to do so, in that event the co-owner would have no alternative but to file a replacement action and as a result, the choice of debtor was made for an orderly bankruptcy, and not with any improper purpose to hinder or delay any creditor, and in the event that the instant case filing is stricken, in that event the other debtor would simply file a subsequence Chapter 11 Bankruptcy.

## ISSUE PRESENTED

**WAS IT APPROPRIATE FOR THE ESTATE OF ELEFTHERIOS LIMBERIOU TO FILE A CHAPTER 11 BANKRUPTCY? Suggested answer, YES.**

The Bankruptcy Code has numerous definitions as to who may be a debtor, who may not be a debtor and at § § 101, 109 and 1101 provides various other definitions.

§ 109 of the code provides definitions as to who may and may not be a debtor and what chapter under which a debtor may file. Subsection (b) refers to Chapter 7; Subsection (c) refers to chapter 9; Subsection (d) refers to railroads and stock brokers; Subsection (f) refers to Chapter 12; and Subsection (h) refers to individuals. At no point does §109 set out who may file a Chapter 11 Bankruptcy.

At no point does § 101 refer to who may file a Chapter 11. § 101 further provide various definitions. At subsection (41) it defines a "person" that includes individuals, partnerships and corporations, but excepts government entities. At no point does it exclude anyone other than a government entity. § (41) (A) refers to acquiring an asset from a person - (i) as the result of a loan agreement or (ii) as a receiver or liquidation agent of a person. Certainly the Executrix of the estate is the liquidating agent of the decedent. Certainly the Executrix of an Estate is a "liquidation" agent; however, § 41 does not exclude anyone else from filing a Chapter 11 Bankruptcy, such as using the words "no other person can file pursuant to Chapter 11." It may be argued that this is an overly broad interpretation; however, at subsection (49)(B) the language clearly uses the term "does not include" when referring to another matter, as a result, the language is not over expansive and the drafters truly could have set out the same language as paragraph 49 and stated what was not included in § 41. However they failed to do so.

Again, at paragraph (51D)(B) it again sets out what is not included when it defines the term "small business debtor". "and does not include any member…" of a group of affiliated debtors. Clearly the Estate of Eleftherios Limberiou would qualify as a "small business debtor" if in fact it was filing in its own name.

In both Chapter 7 and Chapter 13 cases, the Courts have held that a bankruptcy estate does not terminate if the debtor dies during the administration of the estate. In that event, obviously a decedent's estate is created and the descendant's estate is permitted to proceed in accordance with the appropriate bankruptcy chapter. Therefore, participation by decedent's estate is not unusual in bankruptcy matters. § 101 (13) defines a debtor as a "person… concerning which under this title had been commenced." Clearly the debtor is a person.

There are also definitions at § 1101, and once again the code is silent in its definition section as to the definition as to who may file, and only refers to (1) a debtor in possession and refers to that debtor's qualifications under § 322 which are the qualifications of a Trustee.

Therefore, there is no definition at 11 USC § § 101, 109, or 1101, or any other section as to who may be a debtor in a Chapter 11 Bankruptcy.

In addition, at no section does the Bankruptcy code address the separate entity known as a "decedent" estate and the ability or inability of the "decedent estate" to file a Chapter 11 bankruptcy.

As a result, it can only be concluded that the filing of a Chapter 11 Bankruptcy does not exclude anyone and/or any entity from filing a Chapter 11 Bankruptcy as it does in § 109 when it refers to Chapter 9 and the qualifications for the filing of a Chapter 9, a Chapter 12 and/or a Chapter 7.

In addition, the US Courts placed on the internet instructions as to bankruptcy basics and what a party should consider when they file a bankruptcy, including but not limited to "debtors in possession", "creditors' committees", "the small business case", "the small business debtor", "the single asset debtor", "the automatic stay", "who can file a plan", "avoidable transfers", etc. and nowhere do the Courts set out that a decedent's estate cannot be a debtor in Chapter 11 (See attached Exhibit A).

Therefore, the debtor believes that when so many issues are addressed in the bankruptcy code and the code is silent as to who may be a debtor in a Chapter 11, that the debtor's estate is not precluded from filing a Chapter 11 bankruptcy.

Even the US Attorney's office sent an email to counsel for the debtor and asked for the debtor's authority to file a Chapter 11; however, he did not set out any reason as to why a debtor's estate would be excluded from filing a Chapter 11 Bankruptcy (See attached Exhibit B).

## **CONCLUSION**

For all of the above reasons, the debtor, the Estate of Eleftherios Limberiou, submits that it is a proper party to file a Chapter 11 Bankrutpcy.

Respectfully submitted by,

Dated:  September 9, 2019         /s/Joseph Bambrick
JOSEPH T. BAMBRICK JR, ESQUIRE
ATTORNEY ID 45112
ATTORNEY FOR DEBTOR
529 READING AVENUE
WEST READING PA  19611
Phone 610/372-6400 Fax 610/372-9483