**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
|     ESTATE OF ELEFTHERIOS LIMBERIOU, | : | |
| | : | |
|     Debtor | : | Bky. No.  19-15533 ELF |

# O R D E R

**AND NOW,** upon consideration of the Debtor's Motion to Vacate Dismissal Order ("the Motion") (Doc. # 16), it is hereby **ORDERED** that:

1. The Motion is **DENIED**.

2. The hearing scheduled on **October 10, 2019** is **CANCELED**.\*

Date: September 18, 2019

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

# E N D N O T E

\*

This bankruptcy case was filed on **September 5, 2019**. On **September 6, 2019**, the court entered an order scheduling a hearing on **September 12, 2019** to consider whether the bankruptcy should be dismissed due to the Debtor's ineligibility to be a bankruptcy debtor.

In the **September 6, 2019** order, the court noted that the Debtor entity appears to be a decedent's estate and cited authority for the proposition that a decedent's estate in ineligible to file a chapter 11 bankruptcy petition. See 11 U.S.C. §109(d); In re Estate of Julius Gray, 2011 WL 3946729 (Bankr. E.D. Mich. Sept. 6, 2011); In re Patterson, 64 B.R. 807 (Bankr. W.D. Tex. 1986).

On **September 9, 2019**, the Debtor filed a memorandum of law arguing that a decedent's estate is eligible to be a bankruptcy debtor. The argument was based largely on a textual reading of the Bankruptcy Code and cited no cases in support of its position.

On **September 12, 2019**, the Debtor's counsel appeared on other matters, but left the courtroom and did not return for the hearing on "show cause" hearing in this case. Consequently, the court assumed that the Debtor intended to rely on the argument made in the September 9th memorandum of law in opposing dismissal of the case. Thereafter, after considering the arguments raised in the Debtor's memorandum, the court found the reasoning in the conflicting authorities previously cited by the court more persuasive and concluded that the Debtor-decedent's estate is not eligible to be a chapter 11 debtor. The court then entered an order, dated **September 13, 2019**, dismissing this bankruptcy case.

On **September 16, 2019**, the Debtor filed a Motion to Vacate the Dismissal Order ("the Motion") and scheduled a hearing on the Motion for **October 10, 2019**. The primary ground for for the requested relief is counsel's assertion that he lacked notice of the **September 12, 2019** hearing because it did not appear on the court's hearing list. (Motion ¶ 22).

In requesting that the dismissal order be vacated, the Debtor seeks relief under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. E.g., Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). A court should grant a motion for reconsideration only if the moving party establishes one (1) of three (3) grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice. E.g., Allen v. J.K. Harris & Co., 2005 WL 2902497, *1 (E.D. Pa.. Nov. 2, 2005).

The Debtor has not satisfied the requirements for relief under Rule 9023.

I reject the Debtor's argument that it was prejudiced by its non-appearance at the **September 12, 2019** "show cause" hearing for two (2) reasons. First, counsel was on notice of the date and time of the hearing. It was set forth in bold type in the court's **September 6, 2019** order. Second, counsel has not suggested that the Debtor intended to offer any evidence at the **September 12, 2019** hearing. Counsel ably presented his legal arguments in the **September 9, 2019** memorandum. Thus, even without counsel's appearance, the court had all the information it required in order to rule on the eligibility issue; the court did not need oral argument.

The Debtor has not raised any additional legal arguments in the Motion. Thus, in the end, the Motion fails because presents no arguments not previously considered by the court or any

persuasive argument that the court previously committed a manifest error of law or any newly discovered evidence.

Accordingly, there is no need for the hearing on the Motion presently scheduled on **October 10, 2019**. Hence, the attached order cancels that hearing.